IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Laman Gutierrez,** § § §<br>Plaintiff, § § §<br>v. § § §<br>**Delfin Offshore Pipeline, LLC,** §<br>**Delfin LNG, LLC,** §<br>**Delfin Midstream, Inc.,** §<br>**Genesis Energy, LP,** §<br>**Genesis Offshore Holdings, LLC,** §<br>**GTM Offshore Operating Company,** §<br>**LLC,** §<br>**Manta Ray Offshore Gathering** §<br>**Company, LLC,** §<br>**Risknology, Inc.,** §<br>§<br>Defendants. | **Civil Action No. _____** |

### DEFENDANTS DELFIN OFFSHORE PIPELINE, LLC, DELFIN LNG, LLC, AND DELFIN MIDSTREAM, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1441(a), Delfin Offshore Pipeline, LLC, Delfin LNG, LLC, and Delfin Midstream, Inc. ("Defendants") hereby remove this action from 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice of Removal, Defendants aver as follows:

### I.   Procedural History and Plaintiff's Allegations

1.   On February 10, 2026, Plaintiff Laman Gutierrez commenced a civil action against Defendants in the 164th Judicial District of Harris County, Texas. Less than three hours later, Plaintiff filed a Notice of Nonsuit Without Prejudice as to all parties. Plaintiff then commenced this civil action against Defendants in the 165th Judicial District of Harris County, Texas, bearing Cause No. 2026-09139, styled as *Laman Gutierrez v. Delfin Offshore Pipeline, LLC, Delfin LNG, LLC, Delfin Midstream, Inc.,*

*Genesis Energy, LP, Genesis Offshore Holdings, LLC, GTM Offshore Operating Company, LLC, Manta ray Offshore Gathering Company, LLC*. Pl's Orig. Pet. (Ex. B).

2. On February 25, 2026, Plaintiff amended his petition, adding claims against Risknology, Inc. Pl's 1st Am. Pet. ¶¶ 10, 18, 30–33 (Ex. B)

3. This case arises out of an accident that occurred on February 3, 2026, when a pipeline containing natural gas ruptured near 575 Gulf Beach Hwy, Cameron, Louisiana and ignited. Plaintiff alleges that this pipeline was being prepared to service a floating liquified natural gas ("FLNG") project under development in the Gulf of America and was undergoing "pigging"[1] operations at the time of the accident, causing him personal injury. Pl's 1st Am. Pet. ¶ 16 (Ex. B).

## II.  Grounds for Removal

4. The FLNG project, a deepwater port, is being developed pursuant to an extensive federal permitting and regulatory scheme under the Deepwater Port Act, 33 U.S.C. § 1501 et seq.

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by the defendants. 28 U.S.C. § 1441(a).

6. Two applicable federal statutes grant the district courts of the United States original jurisdiction over the Plaintiff's claims: the Deepwater Port Act and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq.

7. The Deepwater Port Act vests the United States district courts with original jurisdiction in cases involving the construction and operation of deepwater ports: "[t]he United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with the construction and operation of deepwater ports[.]" 33 U.S.C. § 1518(e).

---

[1] Pigging refers to the use of a "pipeline inspection gauge," or pig, to service and maintain pipelines.

8. This case arises out of or in connection with the construction of a deepwater port authorized by and regulated under the Deepwater Port Act. 33 U.S.C. §§ 1501-1524. Plaintiff alleges this case arises from an accident "at a pipeline being prepared to service the floating liquefied natural gas (FLNG) installation under construction in or around the Louisiana coast and extending offshore into the Gulf of Mexico known as the Delfin LNG Project." Pl's 1st Am. Pet. ¶ 16 (Ex. B).

9. Plaintiff acknowledges that the Deepwater Port Act applies here because he alleges in his First Amended Petition that Defendant Risknology, Inc. was hired to conduct a risk assessment of the Delfin LNG Project and draft certain procedures "required under 33 U.S.C. § 1503(e)(1)", a provision of the Deepwater Port Act. Pl's 1st Am. Pet. ¶ 18 (Ex. B). Plaintiff's citation to the Deepwater Port Act shows the applicability of the Act and this Court's original jurisdiction.

10. Because the Delfin LNG Project involves the development, construction, and operation of a deepwater port, and the Plaintiff's claim arises out of or in connection with that project, this Court has original jurisdiction under the Deepwater Port Act. Removal is proper.

11. The Outer Continental Shelf Lands Act provides an independent basis for removal. It states that "the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals[.]" 43 U.S.C. § 1349(b)(1).

12. Here, the operations underway at the time of the accident were conducted on the outer continental shelf and involved, or are connected to activities that involved, the production of the minerals. Indeed, the fire that Plaintiff alleges caused his injuries was fueled by natural gas from the outer continental shelf. As Plaintiff alleges, the pipeline was being "cleaned, inspected, and/or maintained via a 'pig' in preparation for future use." Pl's 1st Am. Pet. ¶ 16 (Ex. B). These pigs, as Plaintiff states, are

"'launched' inside the pipeline" and "facilitate[] cleaning and maintenance." Pl's 1st Am. Pet. ¶ 16 (Ex. B). It is industry standard practice to use natural gas to propel these pigs; here, the natural gas used to propel the pig at issue was produced on the outer continental shelf and supplied on the outer continental shelf. Moreover, the pig was launched from WC 167, an offshore platform in the Gulf of America connected to the outer continental shelf seabed and subsoil. Because the operations at the heart of Plaintiff's claim were conducted on the outer continental shelf and involve or are connected to activities that involve mineral production, this Court has original jurisdiction under the Outer Continental Shelf Lands Act. Removal is proper.

### III. The Procedural Requirements for Removal Have Been Satisfied

13. Defendants have the power to remove this case to federal court under 28 U.S.C. § 1441(a) because it is a civil action brought in state court over which the district courts of the United States have original jurisdiction.

14. This Court is the proper court for removal because it is the district court of the United States for the district and division where the action is currently pending.

15. Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of February 23, 2026, the date Delfin Offshore Pipeline, LLC and Delfin LNG, LLC were served with process. Ex. A. Delfin Midstream, Inc. was served with process on February 24, 2026. Ex. A.

16. This case is being removed solely under 28 U.S.C. § 1441(a). All defendants who have been properly joined and served with state-court process have consented to removal. Their consent will be filed separately with this Court.

17. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the 165th Judicial District Court of Harris County, Texas in accordance with 28 U.S.C. § 1446(d).

18. True and correct copies of all process, pleadings, and orders served on the defendants in the action pending in 165th Judicial District Court of Harris County, Texas, are attached as described in Paragraph 19.

19. Pursuant to 28 U.S.C. § 1446 and Local Rule 81 of the Southern District of Texas, Defendants attach the following indexed documents to this Notice of Removal:

   i. All executed process in the case (**Exhibit A**);
   ii. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (**Exhibit B**);
   iii. All orders signed by the state judge (**None**);
   iv. The docket sheet (**Exhibit C**);
   v. An index of matters being filed (**Exhibit D**); and
   vi. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit E**).

## IV.    Non-Waiver of Defenses

20. By removing this action from 165th Judicial District Court of Harris County, Texas, Defendants do not waive any defenses or affirmative defenses available to them.

21. By removing this action from the 165th Judicial District Court of Harris County, Texas, Defendants do not admit any of the allegations in Plaintiff's Original Petition.

**WHEREFORE**, Defendants remove the above-captioned action from the 165th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated:   3/16/2026                                             Respectfully submitted,
         Houston, Texas                                        By:    _/s Jennifer P. Adams_
                                                               Jennifer P. Adams
                                                               **Attorney-in-charge**
                                                               Texas Bar No. 24036108
                                                               SDTX No. 3685632
                                                               Cristina Espinosa Rodriguez
                                                               Texas Bar No. 00793701
                                                               SDTX No. 20575

>Thomas G. Greathouse
>Texas Bar No. 24142958
>SDTX No. 3959547
>**Hogan Lovells U.S. LLP**
>609 Main Street
>Suite 4200
>Houston, TX 77002
>Tel: (713) 632-1400
>Fax: (713) 632-1401
>jennifer.adams@hoganlovells.com
>cristina.rodriguez@hoganlovells.com
>tom.greathouse@hoganlovells.com
>*Attorneys for Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, I served the foregoing Notice of Removal by mail and electronic mail to the counsel of record listed below:

>  */s/Jennifer P. Adams*
> Attorney for Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc.

**Plaintiff Laman Gutierrez:**

Steve Kherkher
Jesus Garcia, Jr.
Kevin C. Haynes
Hon. Mike Engelhart
Omar R. Chawdhary
Matt L. Martin
Victoria R. Brown
Troy O'Brien
Dakota Eddins
Kherkher Garcia, LLP
2925 Richmond Ave.
Suite 1560
Houston, TX 77098
Tel: (713) 333-1030
Fax: (713) 333-1029
Skherkher-Team@KherkherGarcia.com

AND

Miguel A. Adame
Johnny N. Garza, Jr.
Adame Garza, LLP
2223 N Main Street
Houston, TX 77009
johnny@htxtriallawyers.com

**Defendants Genesis Energy, LP; Genesis Offshore Holdings, LLC; GTM Offshore Operating Company, LLC; Manta Ray Offshore Gathering Company, LLC:**

Marty McLeod
Harrison Martin
Arthur R. Kraatz
Phelps Dunbar LLP

Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Tel: (504) 566-1311
Fax: (504) 568-9130
marty.mcleod@phelps.com
harrison.martin@phelps.com
Arthur.kraatz@phelps.com

**Defendant Risknology, Inc.:**

George R. Gibson
Nathan Sommers Gibson Dillon PC
1400 Post Oak Blvd
Suite 3000
Houston, TX 77056
Tel: (713) 960-0303
ggibson@nathansommers.com
