# EXHIBIT B

2/10/2026 3:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111088327
By: Julio Garcia
Filed: 2/10/2026 3:24 PM

NO. _____

| | | |
|---|---|---|
| Laman Gutierrez, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Delfin Offshore Pipeline, LLC, | § | _____ JUDICIAL DISTRICT |
| Delfin LNG, LLC, | § | |
| Delfin Midstream, Inc., | § | |
| Genesis Energy, LP, | § | |
| Genesis Offshore Holdings, LLC | § | |
| GTM Offshore Operating Company, LLC, | § | |
| Manta Ray Offshore Gathering Company, LLC, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION,
RULE 193.7 NOTICE AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Laman Gutirrez, files this Original Petition, Rule 193.7 Notice, and Jury Demand, complaining of the acts and omissions of the Defendants named below, and will respectfully show the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1.     Plaintiff intends to conduct discovery under Level 3 and hereby moves the Court to issue a docket control order tailored to the needs of the case within a reasonable time period. *See* TEX. R. CIV. P. 190.4.

**II.
PARTIES**

2.     Plaintiff, Laman Gutirrez, is an individual who resides in Harris County, Texas. He may be reached through undersigned counsel at KHERKHER GARCIA, LLP.

3. Defendant, DELFIN OFFSHORE PIPELINE, LLC, is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant can be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. ***Plaintiff requests a citation.*** Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

4. Defendant, DELFIN LNG, LLC, is a foreign limited liability company with its principal office and principal place of business in Houston, Harris County, Texas. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant can be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. ***Plaintiff requests a citation.*** Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

5. Defendant, DELFIN MIDSTREAM, INC., is a foreign for-profit corporation with its principal office and principal place of business located at 609 Main Street, Suite 2500, Houston, Harris County, Texas 77002. This Defendant is thus a Texas citizen. This Defendant is registered

Certified Document Number: 125059421 - Page 2 of 16

to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. This Defendant can be served with process through its registered agent, Capital Corporate Services, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. ***Plaintiff requests a citation.*** Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

6.      Defendant, GENESIS ENERGY, LP, is a publicly traded, master limited partnership listed on the New York Stock Exchange (ticker symbol: GEL) with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's unit interest holders / partners are Texas citizens. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Williams v. Pipe Pros, LLC*, No. 6:20-CV-00057, 2021 WL 951933, at *3 (S.D. Tex. Mar. 11, 2021); *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 645–46 (S.D. Tex. 2014). This defendant is therefore a Texas citizen. This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. ***Plaintiff requests a citation***. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

7.      Defendant, GENESIS OFFSHORE HOLDINGS, LLC, is a foreign limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic

Certified Document Number: 125059421 - Page 3 of 16

basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. ***Plaintiff requests a citation***. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

8.      Defendant, GENESIS GTM OFFSHORE OPERATING COMPANY, LLC, is a foreign limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. ***Plaintiff requests a citation***. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

9.      Defendant, MANTA RAY GATHERING COMPANY, LLC, is a Texas limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant

Certified Document Number: 125059421 - Page 4 of 16

PAGE 4 OF 15

can be served with process through its registered agent, Louis Nicol, Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. ***Plaintiff requests a citation***. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

### III.
### JURISDICTION & VENUE

10.     This Court has jurisdiction over the subject matter of this action, and the amount in controversy is above its minimum jurisdictional limits.

11.     This Court has personal jurisdiction over Defendants because Defendants are citizens of Texas, conduct a substantial amount of business in the State of Texas, and have continuous, systematic contacts with the State of Texas.

12.     All other jurisdictional prerequisites and conditions precedent to suit have been met.

13.     This case cannot be removed to federal court because no federal question exists, at least one Defendant is a citizen of Texas, and complete diversity does not exist between the parties. *See* 28 U.S.C. § 1441. Removal would therefore have no basis in law or fact, and an improper removal would subject Defendants to an award of costs, expenses, and fees, including, but not limited to, attorney's fees under 28 U.S.C. § 1447©.

14.     Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Harris County is the county of numerous Defendants' principal offices in this state.

Certified Document Number: 125059421 - Page 5 of 16

## IV.
## FACTUAL BACKGROUND

15.     This catastrophic injury case arises from a preventable explosion at a pipeline being prepared to service the floating liquefied natural gas (FLNG) installation under construction in or around the Louisiana Coast and extending offshore into the Gulf of Mexico known as the Delfin LNG Project. On February 3, 2026, Plaintiff Laman Gutierrez was working as an operator for Enermech on the portion of the pipeline situated in or around or 575 Beach Highway, Cameron Parish, Louisiana. Upon information and belief, at the time of the explosion, the pipeline was being cleaned, inspected, and/or maintained via a "pig" in preparation for future use. A "pig" is a device that is "launched" inside the pipeline that facilitates cleaning and maintenance.

16.     Plaintiff was sitting in his vehicle monitoring gauges when suddenly, and without warning, the pipeline ruptured, causing at least two massive explosions. The explosions violently jarred Plaintiffs' vehicle and engulfed it in flames, causing Plaintiff to suffer catastrophic personal injuries. The following image from the scene depicts the magnitude of the explosions and the horror Laman endured:

Certified Document Number: 125059421 - Page 6 of 16

Certified Document Number: 125059421 - Page 7 of 16



17.    Defendants are the owners of, operators of, and entities with responsibility for inspection and maintenance of the pipeline and associated facilities, appurtenances, and equipment, as well as implementation, training, and enforcement of the governing safety policies and procedures applicable to the pipeline and ongoing work. Among other things, Defendants failed to ensure that the pipeline was free of flammable vapors and materials and was otherwise safe for Laman to conduct his work. These acts and omissions, among the many others that will no doubt be uncovered with robust discovery in this case, proximately caused this tragic event and his catastrophic injuries. Laman has been damaged far in excess of the jurisdictional minimums of this Court, for which he now sues.

## V.
## CLAIMS AGAINST DELFIN OFFSHORE PIPELINE, LLC, DELFIN LNG, LLC, & DELFIN MIDSTREAM, INC.

18.     Plaintiff incorporates all other paragraphs by reference here fully.

19.     Plaintiff would show that Defendants, Delfin Offshore Pipeline, LLC, Delfin LNG, LLC, and Delfin Midstream, Inc. had ownership, custody, oversight, and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

20.     Plaintiff's injuries were proximately caused by the Defendants' negligent, careless and reckless disregard of this duty.

21.     The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

   a.  failing to provide a safe work environment for contractors, including Plaintiff, at the facility;

   b.  failing to perform operations in a safe, reasonable, and prudent manner;

   c.  failing to maintain, follow, or enforce policies and procedures for safe operations;

   d.  failing to recognize and remediate hazards;

   e.  failing to provide proper, safe equipment and competent personnel;

   f.  failing to institute precautionary measures to protect individuals working at the facility in question;

   g.  failing to adequately warn or make safe dangers or conditions of which Defendants had actual or constructive knowledge;

   h.  failing to maintain its equipment and facility in good working order;

   i.  failing to properly screen and retain employees and contractors;

Certified Document Number: 125059421 - Page 8 of 16

j. undertaking and assuming a duty to make safe dangerous conditions on the premises and to implement, train on, and enforce safety policies and procedures, and failing to use reasonable care in doing so;

k. creating a dangerous condition and failing to prevent injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiff, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

l. violating industry standards and best practices for safe operations;

m. failing to properly train, supervise, monitor and retain its employees;

n. failing to use ordinary care as a reasonable company would under the same or similar circumstances; and/or

o. such additional acts of negligence, which will be established as this case progresses.

22.     Plaintiff further asserts the doctrine of *res ipsa loquitur*.

## VII.
## CLAIMS AGAINST DEFENDANTS, GENESIS ENERGY, LP, GENESIS OFFSHORE HOLDINGS, LLC, GENESIS GTM OFFSHORE OPERATING COMPANY, LLC & MANTA RAY OFFSHORE GATHERING COMPANY, LLC,

23.     Plaintiff incorporates all other paragraphs by reference here fully.

24.     Plaintiff would show that Defendants, Genesis Energy, LP, Genesis Offshore Holdings, LLC, Genesis GTM Offshore Operating Company, LLC, and Manta Ray Offshore Gathering Company, LLC, had ownership, custody, oversight, and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

25.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of this duty.

Certified Document Number: 125059421 - Page 9 of 16

26. The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

a. failing to provide a safe work environment for contractors, including Plaintiff, at the facility;

b. failing to perform operations in a safe, reasonable, and prudent manner;

c. failing to maintain, follow, or enforce policies and procedures for safe operations;

d. failing to recognize and remediate hazards;

e. failing to provide proper, safe equipment and competent personnel;

f. failing to institute precautionary measures to protect individuals working at the facility in question;

g. failing to adequately warn or make safe dangers or conditions of which Defendant had actual or constructive knowledge;

h. failing to maintain its equipment and facility in good working order;

i. failing to properly screen and retain employees and contractors;

j. undertaking and assuming a duty to make safe dangerous conditions on the premises and to implement, train on, and enforce safety policies and procedures, and failing to use reasonable care in doing so;

k. creating a dangerous condition and failing to prevent injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiff, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

l. violating industry standards and best practices for safe operations;

m. failing to properly train, supervise, monitor and retain its employees;

n. failing to use ordinary care as a reasonable company would under the same or similar circumstances; and/or

o. such additional acts of negligence, which will be established as this case progresses.

Certified Document Number: 125059421 - Page 10 of 16

27. Plaintiff further asserts the doctrine of *res ipsa loquitur*.

## IX.
## GROSS NEGLIGENCE OF ALL DEFENDANTS

28. Plaintiff incorporates all other paragraphs by reference here fully.

29. The acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others.

30. Plaintiff would further show that the injuries and damages Plaintiff sustained as a result of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers and representatives in the course and scope of their employment for said Defendants.

31. Plaintiff would further show that Defendants ratified and failed to repudiate their agents' gross negligence.

32. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## X.
## DAMAGES

33. Plaintiff incorporates all other paragraphs by reference here fully.

34. As a direct and proximate cause of the Defendants' negligence and gross negligence described above, Plaintiff has sustained the following injuries and damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.  Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c.  Physical pain and suffering in the past and that will, in all reasonable probability, be suffered in the future;

d.  Physical impairment in the past and that will, in all reasonable probability, be suffered in the future;

e.  Mental anguish in the past and that will, in all reasonable probability, be suffered in the future;

f.  Loss of earnings and/or earning capacity in the past and that will, in all probability, be incurred in the future;

g.  Disfigurement in the past and future;

h.  Cost of medical monitoring and prevention in the future;

i.  Exemplary damages;

j.  Prejudgment and post-judgment interest at the maximum rate allowed by law; and/or

k.  Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## XI.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

35.    Plaintiff prefers that the jury determine the fair amount of compensation for Plaintiff's damages. It is too early in this case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000, in an amount to be determined by the jury, is being sought.

Certified Document Number: 125059421 - Page 12 of 16

## XII.
## RULE 193.7 NOTICE

36.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendants have produced in response to Plaintiff's written discovery requests.

## XIII.
## NOTICE TO PRESERVE EVIDENCE

37.    Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on all documents, communications, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit. This includes, but is not limited to, the pipeline and all associated infrastructure, facilities, installations, appurtenances, and equipment; all electronic data relating to the work and the pipeline; all data (electronic or otherwise) from all gas monitoring and LEL readings related to the work; all data (electronic or otherwise) from all pressure readings and measurements related to the work; the pig and pig launcher in question; the vehicles in question; samples of hydrocarbon-based products and remnants in or around the blast area; all operational documents related to the pipeline and the ongoing work; and all smart devices (including, but not limited to, cell phones and tablets) and all smart device data from workers associated with the ongoing work. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## XIV.
## REQUEST FOR DISCLOSURE

38.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants produce the information and material described in Rule 194.2(a)–(l).

Certified Document Number: 125059421 - Page 13 of 16

## XV.
## DEMAND FOR JURY TRIAL

39.     Plaintiff hereby demands a jury trial on this matter and tenders the appropriate jury fee.

## XVI.
## RESERVATION OF RIGHTS

40.     The above allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts may be uncovered that necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case.  The right to do so, under Texas law, is expressly reserved.

## XVII.
## PRAYER

41.     For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants for:

    a.  Actual damages above the jurisdictional minimum of the Court, further outlined above;
    b.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;
    c.  All costs of court;
    d.  Exemplary damages; *and*
    e.  All other relief to which Plaintiff is justly entitled.

SIGNATURE BLOCK ON THE FOLLOWING PAGE

Certified Document Number: 125059421 - Page 14 of 16

Respectfully submitted,

**KHERKHER GARCIA, LLP**

By: */s/ Kevin Haynes*
   Steve Kherkher
   State Bar No. 11375950
   Jesus Garcia, Jr.
   State Bar No. 24027389
   Kevin C. Haynes
   State Bar No. 24055639
   Hon. Mike Engelhart
   State Bar No. 00793690
   Omar R. Chawdhary
   State Bar No. 24082807
   Matt L. Martin
   State Bar No. 24090246
   Victoria R. Brown
   State Bar No. 24118679
   Troy O'Brien
   State Bar No. 24088140
   Dakota Eddins
   State Bar No. 24122690
   2925 Richmond Ave., Suite 1560
   Houston, Texas 77098
   (713) 333-1030
   (713) 333-1029 Fax
   **Service: Skherkher-Team@KherkherGarcia.com**

   **-and-**

   **ADAME ★ GARZA, LLP**

      Miguel A. Adame
      State Bar No. 24040386
      Johnny N. Garza, Jr.
      State Bar No. 24036624
      2223 N Main Street
      Houston TX 77009
      (713) 863-7100 Telephone
      (713) 863-7133 Facsimile
      **Service: johnny@htxtriallawyers.com**

   **ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 125059421 - Page 15 of 16

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Kherkher on behalf of Kevin Haynes
Bar No. 24055639
skherkher-team@kherkhergarcia.com
Envelope ID: 111088327
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Rule 193.7 Notice and Jury Demand
Status as of 2/10/2026 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 2/10/2026 3:24:10 PM | SENT |
| Johnny Garza, Jr. | | johnny@htxtriallawyers.com | 2/10/2026 3:24:10 PM | SENT |

Certified Document Number: 125059421 - Page 16 of 16



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 13, 2026

Certified Document Number:        125059421 Total Pages:  16

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/25/2026 9:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111688684
By: Jonathan Vela
Filed: 2/25/2026 9:55 AM

NO. 2026-09139

| | | |
|---|---|---|
| Laman Gutierrez, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Delfin Offshore Pipeline, LLC, | § | 165TH JUDICIAL DISTRICT |
| Delfin LNG, LLC, | § | |
| Delfin Midstream, Inc., | § | |
| Genesis Energy, LP, | § | |
| Genesis Offshore Holdings, LLC | § | |
| GTM Offshore Operating Company, LLC, | § | |
| Manta Ray Offshore Gathering Company, LLC, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION, RULE 193.7 NOTICE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Laman Gutirrez, files this First Amended Petition, Rule 193.7 Notice, and Jury Demand, complaining of the acts and omissions of the Defendants named below, and will respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 and hereby moves the Court to issue a docket control order tailored to the needs of the case within a reasonable time period. *See* TEX. R. CIV. P. 190.4.

## II.
## PARTIES

2.     Plaintiff, Laman Gutierrez, is an individual who resides in Harris County, Texas. He may be reached through undersigned counsel at KHERKHER GARCIA, LLP.

Certified Document Number: 125313954 - Page 1 of 18

3.      Defendant, DELFIN OFFSHORE PIPELINE, LLC, is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant can be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

4.      Defendant, DELFIN LNG, LLC, is a foreign limited liability company with its principal office and principal place of business in Houston, Harris County, Texas. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant can be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

5.      Defendant, DELFIN MIDSTREAM, INC., is a foreign for-profit corporation with its principal office and principal place of business located at 609 Main Street, Suite 2500, Houston, Harris County, Texas 77002. This Defendant is thus a Texas citizen. This Defendant is registered

Certified Document Number: 125313954 - Page 2 of 18

to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. This Defendant can be served with process through its registered agent, Capital Corporate Services, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

6.      Defendant, GENESIS ENERGY, LP, is a publicly traded, master limited partnership listed on the New York Stock Exchange (ticker symbol: GEL) with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's unit interest holders / partners are Texas citizens. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Williams v. Pipe Pros, LLC*, No. 6:20-CV-00057, 2021 WL 951933, at *3 (S.D. Tex. Mar. 11, 2021); *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 645–46 (S.D. Tex. 2014). This defendant is therefore a Texas citizen. This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

7.      Defendant, GENESIS OFFSHORE HOLDINGS, LLC, is a foreign limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic

Certified Document Number: 125313954 - Page 3 of 18

basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

8.      Defendant, GENESIS GTM OFFSHORE OPERATING COMPANY, LLC, is a foreign limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80  (5th Cir. 2008). This defendant may be served with process through its registered agent, Louis Nicol, 811 Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

9.      Defendant, MANTA RAY GATHERING COMPANY, LLC, is a Texas limited liability company with its principal office, principal place of business, and corporate headquarters located at 811 Louisiana St., Suite 1200, Houston, TX 77002. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. On information and belief, one or more of this defendant's members are Texas citizens. This defendant is therefore a Texas citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542

Certified Document Number: 125313954 - Page 4 of 18

F.3d 1077, 1079–80 (5th Cir. 2008). This Defendant can be served with process through its registered agent, Louis Nicol, Louisiana St., Suite 1200, Houston, TX 77002, or wherever it may be found. Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

10.     Defendant, RISKNOLOGY, INC., is a Texas corporation with its principal office, principal place of business, and corporate headquarters located at 292 Reserve Ln., #704, Rockport, TX 78382-8013. This defendant is thus a Texas citizen. This Defendant is registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. This Defendant can be served with process through its registered agent, Andrew J. Wolford, 292 Reserve Ln. # 704, Rockport, TX 78382-8013. ***Plaintiff requests a citation.*** Plaintiff asserts all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that this Defendant answer in its true name, if it differs from that outlined above.

### III.
### JURISDICTION & VENUE

11.     This Court has jurisdiction over the subject matter of this action, and the amount in controversy is above its minimum jurisdictional limits.

12.     This Court has personal jurisdiction over Defendants because Defendants are citizens of Texas, conduct a substantial amount of business in the State of Texas, and have continuous, systematic contacts with the State of Texas.

13.     All other jurisdictional prerequisites and conditions precedent to suit have been met.

14.     This case cannot be removed to federal court because no federal question exists, at least one Defendant is a citizen of Texas, and complete diversity does not exist between the parties. *See* 28 U.S.C. § 1441. Removal would therefore have no basis in law or fact, and an improper

Certified Document Number: 125313954 - Page 5 of 18

removal would subject Defendants to an award of costs, expenses, and fees, including, but not limited to, attorney's fees under 28 U.S.C. § 1447©.

15.     Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Harris County is the county of numerous Defendants' principal offices in this state.

## IV.
## FACTUAL BACKGROUND

16.     This catastrophic injury case arises from a preventable explosion at a pipeline being prepared to service the floating liquefied natural gas (FLNG) installation under construction in or around the Louisiana Coast and extending offshore into the Gulf of Mexico known as the Delfin LNG Project. On February 3, 2026, Plaintiff Laman Gutierrez was working as an operator for Enermech on the portion of the pipeline situated in or around or 575 Beach Highway, Cameron Parish, Louisiana. Upon information and belief, at the time of the explosion, the pipeline was being cleaned, inspected, and/or maintained via a "pig" in preparation for future use. A "pig" is a device that is "launched" inside the pipeline that facilitates cleaning and maintenance.

17.     Plaintiff was sitting in his vehicle monitoring gauges when suddenly, and without warning, the pipeline ruptured, causing at least two massive explosions. The explosions violently jarred Plaintiffs' vehicle and engulfed it in flames, causing Plaintiff to suffer catastrophic personal injuries. The following image from the scene depicts the magnitude of the explosions and the horror Laman endured:

Certified Document Number: 125313954 - Page 6 of 18



18.    Defendants are the owners of, operators of, and entities with responsibility for inspection and maintenance of the pipeline and associated facilities, appurtenances, and equipment, as well as implementation, training, and enforcement of the governing safety policies and procedures applicable to the pipeline and ongoing work. Among other things, Defendants failed to ensure that the pipeline was free of flammable vapors and materials and was otherwise safe for Laman to conduct his work. Additionally, Defendant Risknology, Inc. was hired by Defendants to conduct a risk assessment of the Delfin LNG project and evaluate the risks of fires and explosions, and also, on information and belief, to consult and/or draft its operational procedures, including, but not limited to, those governing and relating to pipeline pigging, as required under 33 U.S.C. § 1503(e)(1). Defendant Risknology was negligent and grossly negligent in its risk assessment, understating the risks of fires, explosions, and unplanned releases of

Certified Document Number: 125313954 - Page 7 of 18

hydrocarbons, and also in its development, implementation, and training regarding the Delfin operational procedures, including pigging procedures.

19.     These acts and omissions, among the many others that will no doubt be uncovered with robust discovery in this case, proximately caused this tragic event and his catastrophic injuries. Laman has been damaged far in excess of the jurisdictional minimums of this Court, for which he now sues.

**V.**
**CLAIMS AGAINST DELFIN OFFSHORE PIPELINE, LLC, DELFIN LNG, LLC,**
**& DELFIN MIDSTREAM, INC.**

20.     Plaintiff incorporates all other paragraphs by reference here fully.

21.     Plaintiff would show that Defendants, Delfin Offshore Pipeline, LLC, Delfin LNG, LLC, and Delfin Midstream, Inc. had ownership, custody, oversight, and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

22.     Plaintiff's injuries were proximately caused by the Defendants' negligent, careless and reckless disregard of this duty.

23.     The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

    a.  failing to provide a safe work environment for contractors, including Plaintiff, at the facility;

    b.  failing to perform operations in a safe, reasonable, and prudent manner;

    c.  failing to maintain, follow, or enforce policies and procedures for safe operations;

    d.  failing to recognize and remediate hazards;

Certified Document Number: 125313954 - Page 8 of 18

e.  failing to provide proper, safe equipment and competent personnel;

f.  failing to institute precautionary measures to protect individuals working at the facility in question;

g.  failing to adequately warn or make safe dangers or conditions of which Defendants had actual or constructive knowledge;

h.  failing to maintain its equipment and facility in good working order;

i.  failing to properly screen and retain employees and contractors;

j.  undertaking and assuming a duty to make safe dangerous conditions on the premises and to implement, train on, and enforce safety policies and procedures, and failing to use reasonable care in doing so;

k.  creating a dangerous condition and failing to prevent injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiff, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

l.  violating industry standards and best practices for safe operations;

m.  failing to properly train, supervise, monitor and retain its employees;

n.  failing to use ordinary care as a reasonable company would under the same or similar circumstances; and/or

o.  such additional acts of negligence, which will be established as this case progresses.

24.    Plaintiff further asserts the doctrine of *res ipsa loquitur*.

**VI.**
**CLAIMS AGAINST DEFENDANTS, GENESIS ENERGY, LP, GENESIS OFFSHORE HOLDINGS, LLC, GENESIS GTM OFFSHORE OPERATING COMPANY, LLC & MANTA RAY OFFSHORE GATHERING COMPANY, LLC,**

25.    Plaintiff incorporates all other paragraphs by reference here fully.

26.    Plaintiff would show that Defendants, Genesis Energy, LP, Genesis Offshore Holdings, LLC, Genesis GTM Offshore Operating Company, LLC, and Manta Ray Offshore Gathering Company, LLC, had ownership, custody, oversight, and/or control over the premises,

instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

27.    Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of this duty.

28.    The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

a.    failing to provide a safe work environment for contractors, including Plaintiff, at the facility;

b.    failing to perform operations in a safe, reasonable, and prudent manner;

c.    failing to maintain, follow, or enforce policies and procedures for safe operations;

d.    failing to recognize and remediate hazards;

e.    failing to provide proper, safe equipment and competent personnel;

f.    failing to institute precautionary measures to protect individuals working at the facility in question;

g.    failing to adequately warn or make safe dangers or conditions of which Defendant had actual or constructive knowledge;

h.    failing to maintain its equipment and facility in good working order;

i.    failing to properly screen and retain employees and contractors;

j.    undertaking and assuming a duty to make safe dangerous conditions on the premises and to implement, train on, and enforce safety policies and procedures, and failing to use reasonable care in doing so;

k.    creating a dangerous condition and failing to prevent injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiff, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

Certified Document Number: 125313954 - Page 10 of 18

l.   violating industry standards and best practices for safe operations;

m.   failing to properly train, supervise, monitor and retain its employees;

n.   failing to use ordinary care as a reasonable company would under the same or similar circumstances; and/or

o.   such additional acts of negligence, which will be established as this case progresses.

29.   Plaintiff further asserts the doctrine of *res ipsa loquitur*.

## VII.
## CLAIMS AGAINST DEFENDANT, RISKOLOGY, INC.

30.   Plaintiff would show that Defendants, Genesis Energy, LP, Genesis Offshore Holdings, LLC, Genesis GTM Offshore Operating Company, LLC, and Manta Ray Offshore Gathering Company, LLC, had ownership, custody, oversight, and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

31.   Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of this duty.

32.   The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

a.   failing to provide a safe work environment for contractors, including Plaintiff, at the facility;

b.   failing to perform operations in a safe, reasonable, and prudent manner;

c.   failing to maintain, follow, or enforce policies and procedures for safe operations;

d.   failing to recognize and remediate hazards;

Certified Document Number: 125313954 - Page 11 of 18

e.  failing to provide proper, safe equipment and competent personnel;

f.  failing to institute precautionary measures to protect individuals working at the facility in question;

g.  failing to adequately warn or make safe dangers or conditions of which Defendant had actual or constructive knowledge;

h.  failing to maintain its equipment and facility in good working order;

i.  failing to properly screen and retain employees and contractors;

j.  undertaking and assuming a duty to make safe dangerous conditions on the premises and to implement, train on, and enforce safety policies and procedures, and failing to use reasonable care in doing so;

k.  creating a dangerous condition and failing to prevent injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiff, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

l.  violating industry standards and best practices for safe operations;

m.  failing to properly train, supervise, monitor and retain its employees;

n.  failing to use ordinary care as a reasonable company would under the same or similar circumstances; and/or

o.  such additional acts of negligence, which will be established as this case progresses.

33. Plaintiff further asserts the doctrine of *res ipsa loquitur*.

### VIII.
### GROSS NEGLIGENCE OF ALL DEFENDANTS

34.  Plaintiff incorporates all other paragraphs by reference here fully.

35.  The acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk considering the probability and magnitude of the potential harm

Certified Document Number: 125313954 - Page 12 of 18

to Plaintiff and others. Defendants had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others.

36.     Plaintiff would further show that the injuries and damages Plaintiff sustained as a result of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers and representatives in the course and scope of their employment for said Defendants.

37.     Plaintiff would further show that Defendants ratified and failed to repudiate their agents' gross negligence.

38.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## IX.
## DAMAGES

39.     Plaintiff incorporates all other paragraphs by reference here fully.

40.     As a direct and proximate cause of the Defendants' negligence and gross negligence described above, Plaintiff has sustained the following injuries and damages:

a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.   Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c.   Physical pain and suffering in the past and that will, in all reasonable probability, be suffered in the future;

d.   Physical impairment in the past and that will, in all reasonable probability, be suffered in the future;

e.   Mental anguish in the past and that will, in all reasonable probability, be suffered in the future;

Certified Document Number: 125313954 - Page 13 of 18

f.  Loss of earnings and/or earning capacity in the past and that will, in all probability, be incurred in the future;

g.  Disfigurement in the past and future;

h.  Cost of medical monitoring and prevention in the future;

i.  Exemplary damages;

j.  Prejudgment and post-judgment interest at the maximum rate allowed by law; and/or

k.  Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## X.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

41.  Plaintiff prefers that the jury determine the fair amount of compensation for Plaintiff's damages. It is too early in this case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000, in an amount to be determined by the jury, is being sought.

## XI.
## RULE 193.7 NOTICE

42.  Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendants have produced in response to Plaintiff's written discovery requests.

Certified Document Number: 125313954 - Page 14 of 18

## XII.
## NOTICE TO PRESERVE EVIDENCE

43.     Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on all documents, communications, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit. This includes, but is not limited to, the pipeline and all associated infrastructure, facilities, installations, appurtenances, and equipment; all electronic data relating to the work and the pipeline; all data (electronic or otherwise) from all gas monitoring and LEL readings related to the work; all data (electronic or otherwise) from all pressure readings and measurements related to the work; the pig and pig launcher in question; the vehicles in question; samples of hydrocarbon-based products and remnants in or around the blast area; all operational documents related to the pipeline and the ongoing work; and all smart devices (including, but not limited to, cell phones and tablets) and all smart device data from workers associated with the ongoing work. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## XIII.
## REQUEST FOR DISCLOSURE

44.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants produce the information and material described in Rule 194.2(a)–(l).

## XIV.
## DEMAND FOR JURY TRIAL

45. Plaintiff hereby demands a jury trial on this matter and tenders the appropriate jury fee.

Certified Document Number: 125313954 - Page 15 of 18

## XV.
## RESERVATION OF RIGHTS

46.     The above allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts may be uncovered that necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case.  The right to do so, under Texas law, is expressly reserved.

## XVI.
## PRAYER

47.     For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants for:

   a.   Actual damages above the jurisdictional minimum of the Court, further outlined above;
   b.   Pre-judgment and post-judgment interest at the maximum rate allowed by law;
   c.   All costs of court;
   d.   Exemplary damages; *and*
   e.   All other relief to which Plaintiff is justly entitled.

SIGNATURE BLOCK ON THE FOLLOWING PAGE

Certified Document Number: 125313954 - Page 16 of 18

Respectfully submitted,

**KHERKHER GARCIA, LLP**

By:  */s/ Kevin Haynes*
  Steve Kherkher
  State Bar No. 11375950
  Jesus Garcia, Jr.
  State Bar No. 24027389
  Kevin C. Haynes
  State Bar No. 24055639
  Hon. Mike Engelhart
  State Bar No. 00793690
  Omar R. Chawdhary
  State Bar No. 24082807
  Matt L. Martin
  State Bar No. 24090246
  Victoria R. Brown
  State Bar No. 24118679
  Troy O'Brien
  State Bar No. 24088140
  Dakota Eddins
  State Bar No. 24122690
  2925 Richmond Ave., Suite 1560
  Houston, Texas 77098
  (713) 333-1030
  (713) 333-1029 Fax
  **Service: Skherkher-Team@KherkherGarcia.com**

 **-and-**

 **ADAME ★ GARZA, LLP**

  Miguel A. Adame
  State Bar No. 24040386
  Johnny N. Garza, Jr.
  State Bar No. 24036624
  2223 N Main Street
  Houston TX 77009
  (713) 863-7100 Telephone
  (713) 863-7133 Facsimile
  **Service: johnny@htxtriallawyers.com**

**ATTORNEYS FOR PLAINTIFFS**

PAGE 17 OF 17

Certified Document Number: 125313954 - Page 17 of 18

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Kherkher on behalf of Kevin Haynes
Bar No. 24055639
skherkher-team@kherkhergarcia.com
Envelope ID: 111688684
Filing Code Description: Amended Filing
Filing Description: Plaintiffs First Amended Petition Rule 193.7 Notice and Jury Demand
Status as of 2/25/2026 12:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 2/25/2026 9:55:46 AM | SENT |
| Johnny Garza, Jr. | | johnny@htxtriallawyers.com | 2/25/2026 9:55:46 AM | SENT |

Certified Document Number: 125313954 - Page 18 of 18



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 13, 2026

Certified Document Number:        125313954 Total Pages:  18

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/13/2026 3:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112410756
By: Kelly Puente
Filed: 3/13/2026 3:25 PM

## CAUSE NO. 2026-09139

| | | |
|---|---|---|
| Laman Gutierrez, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | |
| Delfin Offshore Pipeline, LLC, | § | |
| Delfin LNG, LLC, | § | |
| Delfin Midstream, Inc., | § | **165th JUDICIAL DISTRICT** |
| Genesis Energy, LP, | § | |
| Genesis Offshore Holdings, LLC, | § | |
| GTM Offshore Operating Company, LLC, | § | |
| Manta Ray Offshore Gathering Company, LLC, | § | |
| Risknology, Inc., | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS DELFIN OFFSHORE PIPELINE, LLC, DELFIN LNG, LLC, AND DELFIN MIDSTREAM, INC.'S ORIGINAL ANSWER

Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc. (the "Delfin Defendants") file this Original Answer to Plaintiff Laman Gutierrez's First Amended Petition.

In support of this Original Answer, the Delfin Defendants respectfully show the Court as follows:

### GENERAL DENIAL

1.    Under Texas Rule of Civil Procedure 92, the Delfin Defendants generally deny each and every allegation made against them in Plaintiff 's First Amended Petition and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

2.      Subject to and without waiving any of the foregoing, under Texas Rule of Civil Procedure 94, the Delfin Defendants assert the following affirmative defenses:

3.      Plaintiff's recovery is barred in whole or in part by Plaintiff's proportionate responsibility and/or contributory negligence under Tex. Civ. Prac. & Rem. Code § 33.001.

4.      Plaintiff's recovery is barred in whole or in part by Plaintiff's assumption of risk.

5.      Plaintiff's recovery is barred in whole or in part because of the doctrine of "injury by fellow servant."

6.      Plaintiff's recovery is barred in whole or in part because a third party is responsible for Plaintiff's damages, if any.

7.      Any recovery by Plaintiff should be subject to the applicable statutory caps and limits imposed therein.

8.      Plaintiff's recovery of punitive damages is barred in whole or in part by the Due Process Clause of the 14th Amendment to the United States Constitution and by Tex. Civ. Prac. & Rem. Code § 41.008.

9.      Plaintiff has suffered no damages as a result of any act or omission of the Delfin Defendants, but in any event, any recovery is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

10.     The Delfin Defendants reserve the right to assert any additional defenses or affirmative defenses as may be found to be merited during the course of discovery in or trial of this suit, including, without limitation, any equitable defense.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc. respectfully pray that the Court:

1.     Find for the Delfin Defendants on their affirmative defenses.

2.     Order that Plaintiff take nothing against the Delfin Defendants in this suit.

3.     Dismiss all claims against the Delfin Defendants with prejudice.

4.     Order that the Delfin Defendants receive such other and further relief, general and special, at law or in equity, to which the Delfin Defendants may be justly entitled.

3

Dated:   3/13/2026

Houston, Texas

Respectfully submitted,


By:   _____ */s/ Jennifer P. Adams* _____
Jennifer P. Adams
Bar No. 24036108
Cristina Espinosa Rodriguez
Bar No. 00793701
Thomas G. Greathouse
Bar No. 24142958
**Hogan Lovells U.S. LLP**
609 Main Street
Suite 4200
Houston, TX 77002
Tel: (713) 632-1400
Fax: (713) 632-1401
jennifer.adams@hoganlovells.com
cristina.rodriguez@hoganlovells.com
tom.greathouse@hoganlovells.com

*Attorneys for Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I served the foregoing Original Answer in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by e-filing and electronic mail on the parties or their counsel of record listed below:

### Kherkher Garcia, LLP
Steve Kherkher
Jesus Garcia, Jr.
Kevin C. Haynes
Hon. Mike Engelhart
Omar R. Chawdhary
Matt L. Martin
Victoria R. Brown
Troy O'Brien
Dakota Eddins
Skherkher-Team@KherkherGarcia.com

### Adame Garza, LLP
Miguel A. Adame
Johnny N. Garza, Jr.
johnny@htxtriallawyers.com


*/s/ Jennifer P. Adams*
Attorney for Defendants Delfin Offshore Pipeline, LLC; Delfin LNG, LLC; and Delfin Midstream, Inc.

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Adams
Bar No. 24036108
jennifer.adams@hoganlovells.com
Envelope ID: 112410756
Filing Code Description: Answer/ Response / Waiver
Filing Description:
Status as of 3/13/2026 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 3/13/2026 3:25:00 PM | SENT |
| Johnny Garza, Jr. | | johnny@htxtriallawyers.com | 3/13/2026 3:25:00 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 3:25:00 PM | SENT |

3/13/2026 4:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112416126
By: Kelly Puente
Filed: 3/13/2026 4:19 PM

CAUSE NO. 2026-09139

| | | |
|---|---|---|
| LAMAN GUTIERREZ, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DELFIN OFFSHORE PIPELINE, LLC, | § | |
| DELFIN LNG, LLC, | § | |
| DELFIN MIDSTREAM, INC., | § | |
| GENESIS ENERGY, LP., | § | |
| GENESIS OFFSHORE HOLDINGS, LLC, | § | |
| GTM OFFSHORE OPERATING COMPANY, LLC, | § | |
| MANTA RAY OFFSHORE GATHERING | § | |
| COMPANY, LLC, and RISKNOLOGY, INC., | § | |
| Defendants. | § | 165TH JUDICIAL DISTRICT |

## RISKNOLOGY, INC.'S ORIGINAL ANSWER

Risknology, Inc. ("Defendant") files this original answer.

### General denial

1.     As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters alleged by plaintiff and requests that the Court require plaintiff to prove his allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### Defenses and Affirmative Defenses

2.     Defendant asserts the affirmative defense of contributory and comparative negligence. Any amount that Plaintiff seeks to recover, if the claims for such amounts are not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.

3.     Plaintiff's damages, if any, were caused by prior, intervening or superseding events that were not proximately caused by any action or inaction of Defendant.

4.      To the extent Plaintiff has been damaged in the manner alleged in the Petition, which allegations are expressly denied by Defendant, such damages are due to the negligence, act(s), omission(s), and fault(s) of another, not Defendant, that caused or contributed to the loss alleged; and that such negligence, act(s), omission(s), and fault(s) of another were the sole proximate cause or an independent intervening cause of the loss alleged as joint tortfeasors.

5.      Plaintiff fails to state a claim against Defendant upon which relief may be granted.

6.      Defendant alleges and asserts that Plaintiff failed to mitigate its damages.

## Conclusion

7.      Defendant requests that the Court render a take-nothing judgment against plaintiff, assess costs and attorney's fees against plaintiff, and award all other relief to which it is entitled.

Respectfully submitted,

NATHAN SOMMERS GIBSON DILLON PC

By: /s/ George R. Gibson
        George R. Gibson
        Texas Bar No. 00793802
        Julie P. Le
        Texas Bar No. 24111324
        1400 Post Oak Boulevard, Suite 300
        Houston, Texas 77056
        713.960.0303 - telephone
        713.892.4800 - fax
        ggibson@nathansommers.com
        jle@nathansommers.com

ATTORNEYS FOR RISKNOLOGY INC.

## CERTIFICATE OF SERVICE

I certify that Risknology, Inc.'s Original Answer was served as shown below on March 13, 2026.

Kevin C. Haynes                                By E-Mail (skherkher-team@kherkhergarcia.com)
Kherkher Garcia, LLP
2925 Richmond Avenue, Suite 1560
Houston, Texas 77098

Miguel A. Adame                                By E-Mail (johnny@htxtriallawyers.com)
Johnny N. Garza, Jr.
Adame★Garza, LLP
2223 N Main Street
Houston, Texas 77009

Jennifer P. Adams                              By E-Mail (jennifer.adams@hoganlovells.com)
Cristina Espinosa Rodriguez                        (cristina.rodriguez@hoganlovells.com)
Thomas G. Greathouse                               (tom.greathouse@hoganlovells.com)
Hogan Lovells U.S. LLP
609 Main Street, Suite 4200
Houston, Texas 77002


*/s/ George R. Gibson*
George R. Gibson

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Denise Thompson on behalf of George Gibson
Bar No. 793802
dthompson@nathansommers.com
Envelope ID: 112416126
Filing Code Description: Answer/ Response / Waiver
Filing Description: Risknology, Inc.'s Original Answer
Status as of 3/13/2026 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 3/13/2026 4:19:17 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Johnny Garza, Jr. | | johnny@htxtriallawyers.com | 3/13/2026 4:19:17 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| George R.Gibson | | ggibson@nathansommers.com | 3/13/2026 4:19:17 PM | SENT |
| Angelique Pacheco | | apacheco@nathansommers.com | 3/13/2026 4:19:17 PM | SENT |
| Denise Thompson | | dthompson@nathansommers.com | 3/13/2026 4:19:17 PM | SENT |
| Julie Le | | jle@nathansommers.com | 3/13/2026 4:19:17 PM | SENT |
| Courtney L.Ratliff | | cratliff@nathansommers.com | 3/13/2026 4:19:17 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/13/2026 4:19:17 PM | SENT |

3/16/2026 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112446799
By: Kelly Puente
Filed: 3/16/2026 10:01 AM

**NO. 2026-9139**

| | | |
|---|---|---|
| **LAMAN GUTIERREZ** | § § § § | **IN THE 165TH DISTRICT COURT OF** |
| **V.** | § § § § | **HARRIS COUNTY, TEXAS** |
| **DELFIN OFFSHORE PIPELINE, LLC, DELFIN LNG, LLC, DELFIN MIDSTREAM, INC. GENESIS ENERGY, LP, GENESIS OFFSHORE HOLDINGS, LLC, GENESIS GTM OFFSHORE OPERATING COMPANY, LLC, AND MANTA RAY OFFSHORE GATHERING COMPANY, LLC** | § § § § § § § § § § § § | **165TH JUDICIAL DISTRICT** |

## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants, Genesis Energy, LP, Genesis Offshore Holdings, LLC, Genesis GTM Offshore Operating Company, LLC, and Manta Ray Offshore Gathering Company, LLC ("Defendants") file this Original Anwer to the Original Petition of Laman Gutierrez ("Plaintiff") and respectfully show the Court as follows:

## GENERAL DENIAL

1. Defendants deny each and every, all and singular, material allegation contained in Plaintiff's Original Petition and demands strict proof thereof. Defendants also assert a denial as authorized by Rule 92 of the Texas Rules of Civil Procedure. Further, Defendants expressly reserve the right to amend their answer as facts are discovered and more information becomes available.

## AFFIRMATIVE DEFENSES

2. Subject to and without waiving the foregoing General Denial, Defendants

respectfully assert, pursuant to Rule 94 of the Texas Rules of Civil Procedure, the following affirmative defenses, which singularly or in combination, bar Plaintiff's right to recover, in whole or in part, the damages alleged in Plaintiff's Original Petition.

3.    Plaintiff fails to state a claim against Defendants upon which relief may be granted.

4.    Defendants deny that Plaintiff was injured as alleged. However, should it be found that Plaintiff was injured as alleged, such injuries and/or damages were proximately caused in whole or in part by Plaintiff's own acts, omissions, negligence, and/or negligence per se. Accordingly, Plaintiff's recovery, if any, should be barred or diminished by his own negligence and/or fault.

5.    Defendants deny that the incident made the basis of this lawsuit, as well as the damages complained of, were caused or contributed to by any unsafe condition caused or created by Defendants, by any equipment and/or conditions of such equipment, and/or by conditions of any area over which Defendants are or may be responsible.

6.    In the unlikely event Defendants held liable to Plaintiff for any amount, Defendants specifically plead, invoke, and reserve their rights as guaranteed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code including, but not limited to, the following:

   a. The right to reduction of any dollar verdict, which may be rendered in this case, in accordance with §§ 33.012-.013 of the Texas Civil Practice and Remedies Code.
   b. The right to have the trier-of-fact compare the responsibility of each party, each settling person, and each responsible third party and assign percentages to such parties, persons, and responsible third parties, in accordance with the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.
   c. The right to contribution in accordance with the provisions of Chapter 32 and §§ 33.015-.016 of the Texas Civil Practice and Remedies Code.

7.    The incident made the basis of this lawsuit, as well as the damages complained of, were the result of a new, independent, intervening, and/or superseding cause over which

ANSWER TO PLAINTIFF'S ORIGINAL PETITION                                      Page 2
PD.61081993.1

Defendants had no control and which was not reasonably foreseeable, which destroys the causal connection, if any, between the acts or omissions alleged in this lawsuit and the occurrence in question and thereby becomes the immediate cause of such occurrence.

8.      The incident made the basis of this lawsuit was caused by the negligent acts or omissions of third parties over whom Defendants had no control, or right of control, or for whom Defendants are not responsible, and that negligence was a proximate or producing cause, or in the alternative, was the sole proximate or producing cause, of the incident and Plaintiff's alleged injuries and damages, if any. Plaintiff's alleged injuries and damages, if any, pre-existed and/or are otherwise causally unrelated to the incident made the basis of this lawsuit.

9.      Plaintiff has failed to mitigate his alleged damages and thus his recovery herein should be barred or diminished.

10.     Any recovery by Plaintiff for medical or healthcare expenses is limited to the amount actually paid or incurred pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code and/or *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 385 (5th Cir. 2012).

11.     Defendants maintain they are entitled to "set off" against any health insurance benefits, disability benefits, other free medical care and/or payments that Plaintiff has received or is entitled to receive, and/or all sums Plaintiff has received in the way of advances and benefits paid post-incident.

12.     If Plaintiff suffered from any pre-existing/subsequently-occurring condition not caused by any action or inaction on the part of Defendants, and if Plaintiff is entitled to any recovery, which is denied, Plaintiff can recover only on any exacerbation of the pre-existing condition and should not be compensated for the pre-existing/subsequently-occurring illnesses,

ANSWER TO PLAINTIFF'S ORIGINAL PETITION                                        Page 3
PD.61081993.1

injuries, or conditions unrelated to the alleged incident and for which Defendants have no legal liability.

13.     If Plaintiff seeks recovery of loss of earnings, loss of earning capacity, and/or loss of other contributions of a pecuniary value, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law in accordance with Section 18.091 of Texas Civil Practice & Remedies Code. Further, if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, and/or loss of other contributions of a pecuniary value, Defendants request that the Court instruct the jury as to whether any recovery for such compensatory damages sought by Plaintiff is subject to state or federal income taxes.

14.     The incident made the basis of this lawsuit, as well as the damages complained of, were not a foreseeable consequence of any act or omission on the part of Defendants or anyone for whom Defendants are or may be responsible.

15.     Any negligence for which Defendants are allegedly responsible, such negligence being specifically denied, was not causally connected to the alleged injuries for which Plaintiff seeks recovery.

16.     If pre-judgment or post-judgment interest is recoverable in this case, which is denied, such interest is limited in accordance with the provisions of Chapter 304 of the Texas Finance Code and *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877 (5th Cir. 1984).

17.     Plaintiff's alleged damages arose out of certain risks, dangers, and/or hazards, all of which were plainly observable, open, obvious, assumed, and/or known to Plaintiff. All such risks, dangers, and/or hazards were known or assumed by Plaintiff, and Defendants not liable to Plaintiff.

18.    Defendants reserve the right to supplement or amend this Answer to assert additional defenses as discovery of the case progresses.

## DOCUMENT USE

19.    Defendants give actual notice to Plaintiff and to all other parties that any and all documents produced during discovery may be used against any other party at any pretrial proceeding and at the trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## PRAYER

20.    Defendants pray that Plaintiff, Laman Gutierrez take nothing by his Petition, that Defendants recover all costs, and that Defendants be granted all other and further relief to which it is justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    *s/ Arthur R. Kraatz*
Arthur R. Kraatz (Texas Bar #24132890)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: arthur.kraatz@phelps.com

**ATTORNEYS FOR DEFENDANTS**
**GENESIS ENERGY, LP, GENESIS**
**OFFSHORE HOLDINGS, LLC, GENESIS**
**GTM OFFSHORE OPERATING**
**COMPANY, LLC, AND MANTA RAY**
**OFFSHORE GATHERING COMPANY, LLC**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**

Evans Martin McLeod
LA Bar No. 24846
Harrison M. Martin
LA Bar No. 39271
Canal Place, 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: marty.mcleod@phelps.com
Email: harrison.martin@phelps.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing has been served on all known counsel

of record on 16th day of March, 2026.

<u>*s/ Arthur R. Kraatz*</u>
Of Phelps Dunbar, LLP

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Arthur Kraatz on behalf of Arthur Kraatz
Bar No. 24132890
arthur.Kraatz@phelps.com
Envelope ID: 112446799
Filing Code Description: Answer/ Response / Waiver
Filing Description: Answer
Status as of 3/16/2026 10:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George R.Gibson | | ggibson@nathansommers.com | 3/16/2026 10:01:31 AM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Cristina E Rodriguez | | cristina.rodriguez@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Angelique Pacheco | | apacheco@nathansommers.com | 3/16/2026 10:01:31 AM | SENT |
| Denise Thompson | | dthompson@nathansommers.com | 3/16/2026 10:01:31 AM | SENT |
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 3/16/2026 10:01:31 AM | SENT |
| Julie Le | | jle@nathansommers.com | 3/16/2026 10:01:31 AM | SENT |
| Johnny Garza, Jr. | | johnny@htxtriallawyers.com | 3/16/2026 10:01:31 AM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Jennifer Adams | | jennifer.adams@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Courtney L.Ratliff | | cratliff@nathansommers.com | 3/16/2026 10:01:31 AM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |
| Thomas Greathouse | | tom.greathouse@hoganlovells.com | 3/16/2026 10:01:31 AM | SENT |